IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JULIA KARDOSH,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-1344 |
| | : | |
| **CHESTER COUNTY,** *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                                    **MARCH 25, 2025**

Plaintiff Julia Kardosh initiated this *pro se* civil action alleging her constitutional rights were violated in a Pennsylvania state court child dependency matter. She seeks to proceed *in forma pauperis*. Kardosh previously brought claims based on the same underlying events which were dismissed upon statutory screening. *See Kardosh v. Chester County and the Municipality of West Goshen, et al.*, Civil Action No. 24-5918 ("*Kardosh I*"). For the following reasons, the Court will grant Kardosh *in forma pauperis* status and dismiss the Complaint.

**I.   BACKGROUND AND FACTUAL ALLEGATIONS**[1]

In *Kardosh I*, Kardosh filed a lengthy initial Complaint alleging that her constitutional rights were violated in state custody proceedings that had been ongoing since at least 2020 when the father of her children initially sought custody and Kardosh's parents later intervened. (*Kardosh I*, ECF No. 2 at 7-11.) In August 2023, Kardosh "filed a special relief petition after her

---

[1] The factual allegations are taken from the Complaint and publicly available dockets of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

children were taken out of the state by Grandparents," which resulted in a series of filings, court orders, and hearings related to the various parties' attempts to alter the then-existing custody arrangement. (*See id.* at 11-12.) Kardosh alleged that an "expired instant field drug test that [she] did not consent to" was administered in October 2023 by probation, a protection from abuse ("PFA") order was issued the following day based, at least in part, on the positive drug screen, and as a result, Kardosh was evicted from her parents' home and lost custody of her two children.[2] (*See id.* at 4-6, 11-14.) She asserted that results of the "instant drug screen" should have been inadmissible in court. As set forth in detail in the initial Complaint, Kardosh contested the PFA Order and the custody arrangement on numerous occasions in state court and claimed that her constitutional rights were violated during that process. (*See id.* at 14-46.) Kardosh named as Defendants Chester County and the municipality of West Goshen, and Judges Alita Rovito, Debra Ryan, and "Mincarelli" who presided over various portions of the custody matter, as well as Chris Pawlowski, who Kardosh identified as "head of adult probation." (*Id.* at 4, 17.) Kardosh requested the immediate return of her children, monetary damages, and injunctive relief. (*See, e.g., id.* at 5.)

In a November 20, 2024 Memorandum and Order, the Court granted Kardosh leave to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed her claims. (*Kardosh I*, ECF Nos. 6 and 7.) The claims against Judges Mincarelli, Rovito, and Ryan were dismissed with prejudice based on judicial immunity. (*See Kardosh I*, ECF No. 6 at 7-8.) The remaining claims were dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure. Because the facts alleged were confusing and were

---

[2] It appears that Kardosh had partial custody of the children prior to the issuance of the PFA Order.

2

not clearly tied to the actions or inactions of the identified Defendants, the Complaint failed to provide fair notice of the grounds upon which Kardosh's claims against each named Defendant rested, as required by Rule 8. (*See id.* at 5-6.) Additionally, the Court explained to Kardosh that if she filed an amended complaint, the Court would consider at that time whether abstention pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971), would be appropriate. (*See id.* at 8-9.) Moreover, the Court advised Kardosh that her claims against Chester County and West Goshen Township appeared to be based on the mistaken belief that they were responsible for the events that took place in her Pennsylvania state court judicial proceedings, and that her claims, properly construed against the state court, were barred by the Eleventh Amendment. (*See id.* at 9-10.) The Court also determined that Kardosh failed to plead plausible claims against Defendant Pawlowski or a Sixth Amendment claim. (*See id.* at 10-11.) Kardosh was given an opportunity to correct the defects in her claims by filing an amended complaint, which she filed on November 22, 2022. (*See Kardosh I*, ECF No. 8.)

In the Amended Complaint, Kardosh named Chester County as the sole Defendant. (*See id.* at 1.) She claimed that her Fourth and Fourteenth Amendment rights were violated when "Chester County unlawfully forced [her] to submit a drug test which she did not agree to be conducted by adult probation and used this unconfirmed instant drug test to remove [her] children and evict [her] from her home." (*Id.*) According to Kardosh, she "was subjected to an unconfirmed instant drug test by representatives of Chester County,[3] without a valid warrant, reasonable suspicion, or due process" and the results of the test "were used as the sole basis for

---

[3] In the initial Complaint, Kardosh explained that "the court administrator" directed her to "go to adult probation" to administer a drug screen on October 5, 2023. (*See Kardosh I*, ECF No. 2 at 13.) She claimed that she was "threatened by the court that the court would take her children if she did not provide a urine screen in court" and that she "overheard the court admin ask adult probation if 'any old drug tests kicking around in the back.'" (*Id.*)

3

removing [her] children from [her] custody." (*Id.* at 1-2.)  She further asserted that the results of the drug test were used to evict her from her residence and that she did not have an opportunity to challenge the accuracy of the results.  (*Id.* at 2.)  As alleged, Chester County "failed to implement policies ensuring the reliability of such tests or affording due process protections before using such results in critical proceedings." (*Id.*)  Based on the foregoing allegations, Kardosh concluded that the use of "an unconfirmed instant drug test, without probable cause or a warrant" constituted an unreasonable seizure in violation of her Fourth Amendment rights (Count I), that her Fourteenth Amendment Due Process rights were violated because she was not given the opportunity to challenge the test's validity (Count II), and Chester County was liable on a *Monell* theory of liability because it had a policy, practice, or custom of using unreliable drug tests (Count III).  (*Id.*)

By Memorandum and Order dated December 5, 2024, the Court screened the Amended Complaint and dismissed Kardosh's claims.  (*See Kardosh I*, ECF Nos. 9, 10.)  It was clear that Kardosh's allegations were based on the mistaken belief that Chester County is responsible for the events that took place in her Pennsylvania state court judicial proceedings.  As the Court had previously explained to Kardosh in the November 20 Memorandum, she could not proceed against Chester County for alleged wrongs committed by the Chester County Court of Common Pleas, because, as part of Pennsylvania's unified judicial system, the court shares in the Commonwealth's Eleventh Amendment immunity.  (Kardosh I, ECF No. 9 at 5-6 (citing, *inter alia*, *Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) ("It appears that [plaintiff] named the County as a defendant because she mistakenly believes that the Allegheny County Court of Common Pleas is a County entity.  As the District Court correctly noted, however, the court is a Commonwealth—not County—entity. . . .  Therefore, [plaintiff's] claims

4

against the Court of Common Pleas are . . . barred by the Eleventh Amendment.").) Further, Kardosh failed to properly allege municipal liability under § 1983. (*See id.* at 6-7.) Kardosh's claims were dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) and she was not given further leave to amend. (ECF No. 10.) The case was closed.

Without seeking reconsideration or leave to amend, on December 6, 2024, Kardosh filed an unauthorized, second amended complaint with over 5,500 pages of exhibits. (*Kardosh I*, ECF No. 11.) She again named as Defendants Chester County, West Goshen, and Chris Pawlowski. With her filing, Kardosh included a note stating, "[o]n November 22 the court directed me to resubmit my claim with a deadline of Dec 20th, 2024. On December 7th [sic] I attempted to submit my amended complaint only to discover the case was wrongfully terminated as it's not Dec 20th yet." (*See Kardosh I*, ECF No. 11-2.) Kardosh failed to acknowledge that she already had filed an Amended Complaint (*Kardosh I*, ECF No. 8), that had been screened by the Court pursuant to § 1915(e)(2)(B).

Since final judgment had already been entered, the Court construed the filing (*Kardosh I*, ECF No. 11), as a conjoined motion for relief from judgment and motion for leave to file an amended complaint. (*See Kardosh I*, ECF No. 12 (*citing Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (*per curiam*); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).) Upon review of the filing, the Court determined that the claims Kardosh sought to present suffered from the same defects the Court identified in the initial Complaint and the Amended Complaint, which the Court screened pursuant to 28 U.S.C. § 1915(e)(2)(B). (*See id.*) Accordingly, the Court struck the unauthorized second amended complaint because Kardosh had not alleged a plausible claim and amendment would have been

5

futile. (*Id.*)  The Court warned Kardosh that submitting repetitive documents in the future may result in sanctions, including filing limitations. (*Id.*)

In the case at bar, Kardosh presents constitutional claims pursuant to 42 U.S.C. § 1983, again alleging that her rights were violated in the same state court dependency matter when defendants "relied upon an unconfirmed, inadmissible drug test" and engaged in abusive and arbitrary procedures. (*See* Compl. at 1-12.)  Named as Defendants are Chester County, Chester County Family Court, and Chris Pawlowski. (*Id.* at 1, 2-3.)  She claims violations of her rights under the Fourth, Ninth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 2, 4-5.)

Kardosh again claims that she voluntarily submitted to a court-ordered drug test on October 5, 2023, in connection with ongoing dependency proceedings. (*Id.* at 3, 6.)  She alleges that, despite that compliance, she was subjected to an "unconfirmed, inadmissible drug test performed by Adult Probation under the supervision of Defendant Chris Pawlowski" which yielded a positive result for methamphetamine. (*Id.* at 3, 6-8.)  Kardosh contests the positive results and avers that confirmatory testing was not conducted. (*Id.* at 3, 7.)  According to Kardosh, the drug test conducted by the probation department also constitutes an unreasonable search and seizure. (*Id.* at 9.)  She further claims that the "inadmissible" test was the basis for the removal of her children from her custody without proper procedural safeguards and for the continued separation from her children, as well as the issuance of a protection from abuse order and her eviction on October 6, 2023. (*Id.* at 4, 8.)  She seeks declaratory and injunctive relief and monetary damages. (*Id.* at 13.)

## II. STANDARD OF REVIEW

The Court grants Kardosh leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Kardosh is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

"With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

7

**III.     DISCUSSION**

Kardosh presently seeks to assert constitutional claims pursuant to 42 U.S.C. § 1983 based on alleged violations of her rights in the underlying state dependency matter that also were the subject of *Kardosh I*.  Her claims cannot proceed.  *Kardosh I* was dismissed with prejudice.  Her attempt to reassert claims based on the same underlying events is barred by the doctrine of claim preclusion.

"Claim preclusion — which some courts and commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id*.  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office Workers' Compensation*

*Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584. Regarding the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

The application of claim preclusion is apparent on the face of Kardosh's Complaint. The dismissal of her first case was a final judgment on the merits against the same parties or their privies. Her new Complaint is based on the same causes of action, namely that her constitutional rights were violated during the state court dependency matter, which included the allegedly inadmissible drug testing, the issuance of the protection from abuse order, and the removal of her children from her custody. Thus, all three elements of claim preclusion are present and Kardosh may not proceed with her new Complaint.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss Kardosh's Complaint in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given, because the Court concludes that amendment would be futile under the circumstances of this case. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Kardosh is warned that if she continues to repeatedly pursue claims that have already been resolved and rejected, the Court will consider whether it is appropriate to limit her ability to file in the future.

An appropriate Order follow, which dismisses this case.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

*/s/ Juan R. Sánchez*
**JUAN R. SÁNCHEZ, J.**